**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

<table>
<tr><td>

**ARCHIE FRENCH, SR.,**

**Plaintiff,**

**vs.**

**DET. PAUL HARRIS,**

**Defendant.**
</td>
<td>

)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)
</td>
<td>

**CASE NO. 3:12-00508
JUDGE TRAUGER/KNOWLES**
</td></tr>
</table>

## REPORT AND RECOMMENDATION

This matter is before the Court, *sua sponte*, with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.,* 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*").

Plaintiff, who is not a prisoner, and who is not proceeding in forma pauperis, has filed a fill-in-the-blanks form complaint. Docket No. 1. He states "the grounds for filing this case in Federal Court" as:

> Wrongfully accused of illegal drug (of which I have never fooled with.)

Docket No. 1, p. 1.

His "Statement of claim" states in full:

Put on satelite and internet to be killed by National Security by Det. Paul Harris on 9-3-2009. Det. Harris is with the Swat Team, drug inforcer [*sic*] (This was conspiracy to commit murder.)

Docket No. 1, p. 2.

The Complaint contains the following "Prayers for Relief":

a. Fine him 10 million dollars. (punish him for what he did.

b. Cutoff Satelite [*sic*]/internet cause it sends electricity through my body. There is electricity/magnet pressure from feet to head.

c. Provide protection and an attorney to represent me.

Docket No. 1, p. 3.

As the Sixth Circuit stated in *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999):

[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *See Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L.Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiff's claims raised under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) formerly alleged a deprivation of constitutional rights and thus were not insubstantial or wholly frivolous. . . . [The] requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans.*

In the instant Complaint, Plaintiff has not provided a basis for this Court to exercise jurisdiction. In his statement that he was "put on satelite and internet to be killed by National Security" is plainly delusional, particularly considered with his statement that he wishes the Court to "Cutoff satelite/internet cause it sends electricity through my body."

For the foregoing reasons, the undersigned recommends that this action be dismissed,

pursuant to *Apple v. Glenn.*

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge